SHUTTER v. McCLINTIC–MARSHALL CONST. CO.

(Supreme Court, Appellate Division, Third Department.   November 13, 1907.)

MASTER AND SERVANT—INJURY TO EMPLOYÉ—NEGLIGENCE.

Though plaintiff, an employé of defendant, when an iron column was being lifted from a car by a derrick operated by steam power, called the superintendent's attention to the fact that the chain was not attached to the column at its center of gravity, so that one end of the column was raised more rapidly than the other, and told the superintendent to "slack it down till we can get the center," and the superintendent said, "It is all right, go ahead," whereupon plaintiff and a co-laborer took hold of the heavy end of the column, and lifted it over the side of the car, and, as they dropped it, the chain broke, causing injury to plaintiff, it was error to submit the question of negligence in unloading without fastening the chain around the middle of the column, the chain being subjected to no greater weight because of the failure to so do, and though it may have been subjected to a greater strain because of the sudden projecting of the end of the column over the side of the car, this having been no act of the superintendent, but an unnecessary intervention by plaintiff and his co-laborer, which the superintendent is not shown to have expected or had reason to expect.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 34, Master and Servant, § 1003.]

Smith, P. J., dissenting.

Appeal from Trial Term, Delaware County.

Action by Reuben H. Shutter against the McClintic-Marshall Construction Company. From a judgment on a verdict for plaintiff, and from an order denying a motion to set aside the verdict, defendant appeals. Reversed, and new trial granted.

Argued before SMITH, P. J., and CHESTER, KELLOGG, and COCHRANE, JJ.

Miller & Fincke (F. G. Fincke, of counsel), for appellant.
W. H. Johnson and H. B. Sewell, for respondent.

COCHRANE, J. Plaintiff was injured while in the employ of the defendant in the construction of an iron bridge for the New York, Ontario & Western Railroad Company at Sidney Center, Delaware county. The cause of the injury was the breaking of a chain. Heavy iron columns were by means of a derrick being unloaded from a gondola car and lowered into a ravine, which the bridge in process of construction was intended to span. The accident occurred while unloading the last column. The chain in question was placed around the column, which weighed about three tons, and connected it with the boom of the derrick. The derrick was on an adjoining car. It was necessary to lift the column over the side of the car, which was two or three feet high. The chain was not adjusted to the column at its center of gravity, in consequence whereof one end of the column was raised more rapidly than the other. Plaintiff, who was on the car, assisting in the work said to defendant's superintendent, "slack it down until we get the center." The latter replied, "It is all right; go ahead." Thereupon plaintiff of his own volition as far as the evidence discloses left a tag line which was used to steady the boom, and

with a fellow servant took hold of the heavy end of the column and lifted it over the side of the car, and, as they dropped it outside the car, the chain broke. The upper end of the column in its descent struck the side of the car, which was overturned, and plaintiff was precipitated into the ravine many feet below, and seriously injured.

The learned trial justice in charging the jury permitted them to find the defendant negligent in not furnishing a reasonably safe chain, and also in unloading the column without fastening the chain around the middle thereof. Defendant duly excepted to the submission of each of those questions. We are of the opinion that this latter question should not have been submitted to the jury. It is apparent that the chain was subjected to no additional weight by reason of the failure to attach it to the center of the column. It is, of course, equally apparent that the chain may have been subjected to an additional strain by reason of suddenly projecting the heavy end of the column over the side of the car. But that was not the act of the superintendent, but of plaintiff and his co-laborer. Their zeal in expediting their master's work was commendable, but the unfortunate consequences resulting thereform should not be attributed to the latter. The derrick was operated by steam power, and it would naturally and efficiently have lifted the column over the side of the car had it not been for the unnecessary intervention by plaintiff and his co-laborer. The defendant at the trial conceded that the plaintiff was not negligent. It is not, however, merely a question of contributory negligence on the part of plaintiff, but it is also a question as to the necessity of the act on his part which placed the additional strain on the chain, and as to whether such act was fairly within the contemplation of the superintendent or should have been anticipated by him when he proceeded to have the column moved without the adjustment of the chain in its precise center of gravity so as to charge the defendant with negligence. There is absolutely no evidence either that the necessity existed for the manual lifting of the column, or that the superintendent, who at the time was on the car with the derrick, expected or had any reason to expect that such manual lifting would be indulged in by any one, and consequently the jury should not have been permitted to find negligence on the part of the defendant in the method of unloading the column.

The judgment and order must be reversed, and a new trial granted, with costs to the appellant to abide the event. All concur, except SMITH, P. J., who dissents.